UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

DZMITRY SHAMRO

      v.                                    Civil No. 26-cv-177-SE-TSM

FCI BERLIN WARDEN; BOSTON FIELD OFFICE
DIRECTOR, U.S. CUSTOMS AND IMMIGRATION
ENFORCEMENT, ET AL.[1]

**O R D E R**

Petitioner, a civil immigration detainee from Belarus, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1), challenging his present detention at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin") in United States Immigration and Customs Enforcement ("ICE") custody. The Petition is before this court to determine whether the claims asserted are not facially invalid and may proceed. See 28 U.S.C. § 2243; Rules 1(b) & 4 of the Rules Governing Section 2254 Cases; LR 4.3(d)(4). Claiming that his current and continued detention in ICE custody violates his Fifth Amendment right to Due Process, the Immigration and Naturalization Act, and the Constitution's Suspension Clause, Petitioner seeks immediate court-ordered release from custody or a bond hearing under 8 U.S.C. § 1226(a).

Petitioner appears to be a member of the class certified in Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS (D. Mass.) and/or a member of the class certified in Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.), and thereby appears to be entitled to the class-wide relief granted in those cases. See Guerrero Orellana, 2025 WL 3687757, at *10-11 (D. Mass. Dec. 19, 2025), appeal docketed, No. 26-1094 (1st Cir. Jan. 26, 2026); Maldonado Bautista, Case No. 5:25-cv-01873-SSS-BFM, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026). Petitioner

---

[1] The Petition lists other federal agents in their official capacities as Respondents. The court declines to serve the remaining federal officers listed as Respondents in the Petition at this time.

also appears to be similarly situated to the petitioner granted similar relief on grounds of procedural due process in Destino v. FCI Berlin Warden, 2025 DNH 149, 2025 WL 4010424 (D.N.H. Dec. 24, 2025).

Petitioner's claims warrant service on Respondents.  Therefore, the Clerk's Office shall:

- Provide an electronic copy of this Order and the Petition (Doc. No. 1) to the Civil Bureau Chief of the Office of the U.S. Attorney for the District of New Hampshire as soon as is practicable;

- Deliver a copy of the same documents to the U.S. Attorney for the District of New Hampshire, to the attention of the Civil Process Clerk;

- Send copies of the same documents by certified mail to:

    - **Warden, FCI Berlin,** 1 Success Loop Rd., Berlin, NH 03570;

    - **Director, Boston Field Office, U.S. Immigration and Customs Enforcement**, 1000 District Ave., Burlington, MA 01803; and

    - **U.S. Attorney General**, 950 Pennsylvania Ave. NW, Washington, D.C. 20530.

The Respondents shall file an answer or dispositive motion in response to the claims in the Petition within seven days of the date of this Order.  In their response, the Respondents are directed to show cause why the Court should not issue an order granting the Petition to the extent of ordering Respondents to afford Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of that order's issuance, based on Petitioner's apparent membership in the Guerrero Orellana and Maldonado Bautista classes and similarity to the petitioner in Destino.  If any Respondent files a dispositive motion in lieu of an answer, that Respondent's deadline for filing an answer is extended until fourteen days after the court rules on the dispositive motion.  No more than fourteen days after the answer is filed, Respondents shall file either a motion for summary judgment, or a statement representing that an evidentiary hearing is necessary.

3

Any party may request a status conference at any time, including before service on Respondents is complete.

Respondents shall provide this Court with at least seventy-two hours of advance notice of any scheduled removal or transfer of Petitioner out of this Court's jurisdiction. Such notice shall: (1) be filed in writing on the docket of this proceeding; (2) state the reason for the necessity of such action; and (3) state why the move should not be stayed pending further court proceedings. Notice of Petitioner's release from custody may be provided after the fact.

SO ORDERED.

_____
Talesha L. Saint-Marc
United States Magistrate Judge

March 9, 2026

cc:    Kimberly Kirkland, Esq.